## DEN EX DEM. RAKE AND WIFE v. LAWSHEE.

1. A married woman cannot execute a deed without the consent of her husband ; the separate examination and acknowledgment directed by statute only remove her absolute incapacity to execute a deed and do not change the principle that requires the consent of her husband.

2. Lands were devised to testator's widow, E., during her widowhood and until her son I. should attain twenty-one, and then to I. in fee, and if I. should die without lawful issue, then to the widow E., her heirs and assigns forever. I., the son, died after the widow, without heirs, after majority. *Held*, that there was no merger of the remainder over to him as heir of his mother during his life, and that at his death it vested in his half-sister A., as the surviving heir of his mother, and that a conveyance with warranty by I. in his life-time did not pass the property.

---

This was an action of ejectment brought for the recovery of lands in Hunterdon county. Jacob Fox died in 1795, seized of the lands in question. By his last will he devised these lands to his wife Eve, during her widowhood, and until his son Isaac should attain twenty-one, and then to his son in fee ; and by a codicil directed that if his son Isaac should die without lawful issue all his lands should go to his wife Eve, her heirs and assigns forever. The widow Eve was the mother of Isaac, who was testator's only issue, and was

at his father's death of the age of four years. Eve, in 1801, married Thomas Godown, by whom she had issue only one child, Adeline, who married Jonathan Rake, and they are the lessors of the plaintiff. In 1813, Isaac became of age and took possession of the premises; in 1828, he and his mother, Eve Godown, conveyed the premises to Asa Moore in fee simple, by and with full covenants of warranty, but Thomas Godown, the husband of Eve, who was then living, did not join in the deed or assent to the conveyance. Isaac survived his mother, Eve, who died in 1832, and died himself in 1843, having never been married.

The defendant held by mesne conveyances the title conveyed to Asa Moore.

The case was argued before the CHIEF JUSTICE and Justices HAINES and POTTS, by Mr. *Clark* and Mr. *J. F. Randolph*, for plaintiff, and by Mr. *Wurts* and Mr. *William Halsted*, for the defendant.

The opinion of the court was delivered by

HAINES, J. Jacob Fox, late of the county of Hunterdon, by his will, dated June 29th, 1795, devised the use and benefit of the premises in question to his wife, Eve, during her widowhood, and until his son, Isaac, should attain the age of twenty-one years, and then to his son, Isaac, his heirs and assigns forever. And he further ordered, that if Isaac should attain the age of twenty-one years, he should in consideration of the said devise, procure and provide a becoming and decent maintenance for his mother during her widowhood.

By a codicil, dated the 11th of August, 1795, the testator " republished, ratified, and confirmed the will," and then added as follows : " Also, I do further give and bequeath, that if my beloved son, Isaac Fox, should die without lawful issue, then I give and bequeath all my lands unto my beloved wife, Eve-Fox, to her heirs and assigns forever."

The testator died in September, 1795, leaving Eve Fox his widow, and Isaac Fox his only child, then aged about four years.

In January, 1801, Eve, the widow, married Thomas

Godown, by whom she had one child, Adeline, who, in 1822, intermarried with Jonathan Rake.

Thomas Godown and his wife occupied the premises till the year 1813, at which time Isaac became of age, and entered into possession of them. Soon after that, Thomas Godown and his wife separated, and never lived together again. He died in the poor-house in 1841, and she lived with her son Isaac and her daughter Adeline on the premises.

In October, 1828, Eve Godown and her son Isaac joined in a conveyance of the premises to Asa Moore, by deed in fee simple, with a general warrantee of title, and for a valuable consideration. The deed being acknowledged by her in the usual manner.

Eve died in 1832. Isaac in 1843, and before marriage.

Jonathan Rake and Adeline, his wife, the lessors of the plaintiff, claim the premises in the right of Adeline as the heir at law of Eve Godown.

The defendant claims it under the conveyance from Eve Godown and Isaac Fox to Asa Moore, and sundry mesne conveyances to him.

By the will, the fee was given to Isaac. The codicil confirmed the devise, but annexed to it a limitation in favor of his mother and her heirs in the event of his death without lawful issue. Whether, therefore, he took an estate tail, and she a contingent remainder, or he took a fee with a limitation to her, by way of executory devise, upon the death of Isaac without issue the estate vested in the heirs of Eve. 6 *Cruise Dig.* 461, *pl.* 3, 4, & 5; *Frogmorton & Hollyday,* 3 *Burr.* 1618; *Heath* v. *Heath,* 1 *Bro. R.,* 147; *Porter* v. *Bradley,* 3 *T. R,* 143; 4 *Kent's Com., Ed. of* 1830, 255; *Rev. Stat.,* 344, § 11; *Fearne on Rem.,* 459; *Goodright* v. *Searle,* 2 *Wil.* 29.

And whether Eve took by way of remainder or of executory devise; and whether she would alienate the estate she took or not; and whether her deed could operate as a direct conveyance or by way of estoppel, is of no consequence in the case. She could make no conveyance during

the life-time of her husband, Thomas Godown, without his assent.

By the common law, the legal existence of a married woman is merged in that of her husband, so that, as a general rule, she can make no contract without his consent. A contract so made by her is absolutely void. 4 *Cruise Dig.* 19, *Title,* 32, *Deed, Ch.,* 11, § 29 *to* 36; 2 *Com. Dig. Baron & Feme, P.* 78—9; *Hepburn & Dubois,* 12 *Peters',* 345. Upon this well-settled and well-known principle was engrafted the statute of this state, of 7th June, 1799, *Rev. Laws,* 458, § 4, directing the mode of acknowledgment of deeds of conveyance by married women. It was not intended to repeal that rule of the common law, nor to give new power to the wife, nor to remove her disability, but to protect her against any undue influence, the fear, threats or compulsion of her husband, and against fraud and imposition. The law presumes a *feme covert* to act under the coercion of her husband unless before a court of record or some judicial officer. *Baldwin, J., in Hepburn & Dubois,* 12 *Peters' R.,* 375. The statute seems to contemplate the assent of the husband and requires the examination to be private and separate, and apart from him.

If there were any doubt about this construction of the act, the long continued and uniform practice in accordance with it, must remove such doubts.

The deed executed by Isaac Fox and his mother to Asa Moore conveyed only Isaac's estate, which terminated at his death without issue.

The question remaining is, who were the heirs of Eve Godown as to this estate? It is said that Isaac was the heir or one of them, and that on her death he took the estate, or at least the moiety of it.

If so, it must be upon the ground that the executory estate to arise out of the event of his death without lawful issue, became vested in him on the death of his mother and while he yet had the fee under the devise to him, and that the former was merged in the latter.

But that cannot be; the two interests were successive and

Rake et ux. v. Lawshee.

not contemporaneous. The contingent estate did not take effect till the death of Isaac, and then his fee was gone, and there could be no merger. 2 *Powel on Devises*, 245, 246; *Fearne*, 346.

It is only where a greater and a less estate coincide in one and the same person that the less is absorbed or merged in the greater. 2 *Bl. Com.*, 177.

Here the estate did not coincide, but the one followed the other.

In *Goodtitle* v. *Vincent & White*, 15 *East*, 174, a testator devised all his estate to his wife in case his daughter (who was his heir) should die under the age of twenty-one years. The mother died intestate during the life-time of the daughter, and the daughter afterwards died before she attained the age of twenty-one years. Thereupon the heirs on the part of her mother claimed the property under the executory limitation. To this claim the heirs on the part of the father objected on the ground that the executory fee had been extinguished by the union of the several interests in the person of the daughter. But the court held that no extinguishment had taken place, and that the maternal heirs were entitled.

This case was fully discussed and well considered, and appears to be in all respects like that before us, and upon the principles of it we must hold that Adeline is the heir at law of Eve Godown.

The obvious intention of the testator was to give the fee to Isaac if he died leaving issue, and in no other event. If it was that Isaac should take, as the heir of his mother, the limitation would have been unnecessary. Adeline, therefore, as to this estate, was the sole heir of Eve Godown, and the estate vested in her upon the death of Isaac.

And judgment must be rendered in favor of the plaintiff.

CITED *in Moore* v. *Rake*, 2 *Dutch.* 581; *Ross* v. *Adams*, 4 *Dutch.* 162; *Armstrong* v. *Ross*, 5 *C. E. Gr.* 119; *Phelps* v. *Morrison.* 9 *C. E. Gr.* 199.